(No. 42474.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRED HAMPTON, Appellant.

*Opinion filed November 26, 1969.*

42

FREDERICK F. COHN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, LOREN STERN, ROBERT B. McGEE, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM: Fred Hampton was found guilty of the crime of robbery by a jury in the circuit court of Cook County and was sentenced to the penitentiary for a term of two to five years. He brings this appeal attacking the sufficiency of the complaining witness's identification; alleging numerous trial errors which he claims operated to deny him a fair trial; and complaining that his sentence was excessive.

The complaining witness, Nelson Suitt, was working for the Good Humor Ice Cream Co. as a driver-salesman. On July 10, 1968, his assigned route was the village of Maywood. At about 5:00 P.M. on that day he drove his Good Humor van to the Irving School playground located within the village and began selling ice cream to the children gathered there. He testified that there were 40 to 50 children and teenagers, all Negro, in the playground and that he was the only white person present. He stated that initially the smaller children came to the van to make purchases but, after a few minutes, a group of about 10 or 15 older youths approached and demanded free ice cream. Someone in the crowd asked him if he knew he was in "black power" territory. At this point a grey Volkswagen pulled up behind the van and there were shouts that he would give them free ice cream now that their

leader was there. Suitt stated that he attempted to close the window of the van but that one of the crowd jumped up and held the window open; that a man whom he identified as Fred Hampton, got out of the Volkswagen and walked through the crowd; that the person who was holding the window, jumped in the van and opened the door; that Hampton came in through the door, grabbed his (Suitt's) throat and threw him over the driver's seat; that while Hampton was holding him down, he saw someone removing ice cream from his truck and distributing it to those outside; that during the struggle, Suitt placed his foot on Hampton's chest and pushed him to the back of the van whereupon several youths attacked and beat him. Seventy-one dollars worth of ice cream was taken.

After the assailants left the van, Suitt drove off in search of help. About a block from the school, he hailed a motor-cycle policeman who, in turn, summoned a squad car. Officer Duffy of the Maywood police arrived momentarily and upon being informed of the incident accompanied Suitt back to the playground. When they arrived there, about five minutes later, Suitt got out of the car and walked among the children. When he and officer Duffy were within a few feet of the defendant, Suitt indicated that Hampton was the person who had attacked him. Both Suitt and officer Duffy testified that when Hampton was arrested, there was the impression of a footprint on Hampton's sweat shirt or sweater.

At the trial, Hampton denied being present at the schoolgrounds when Suitt was attacked. He testified that he arrived at the scene just as the ice cream van was pulling away. Several witnesses corroborated his testimony.

Defendant contends that Suitt's identification was not sufficient because (1) he was unable to describe or identify the person who first jumped into the van or to recount many of the minor details surrounding the attack and occurrences shortly thereafter; (2) Suitt's vision was impaired because his glasses were broken and his eyes blackened in the

attack; (3) police officer Duffy led Suitt to him, prompting the identification; and (4) the alleged footprint on his garment was nonexistent.

This court has consistently held that it is the function of the trier of the facts to determine the credibility of the witnesses and its finding of guilty will be disturbed only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. (*People v. Scott,* 38 Ill.2d 402; *People v. Washington,* 27 Ill.2d 104.) The testimony of a single witness, if it is positive and the witness credible is sufficient to convict even though it is contradicted by the accused. (*Cf. People v. Gardner,* 35 Ill.2d 564, 571.) We have extensively reviewed the record in this case, paying particular attention to the occurrence and identification testimony of the complaining witness and we find the evidence to be clear and convincing. The record does not indicate that Suitt's eyes were so swollen that his vision became impaired or that the lenses of his glasses were broken. The fact that Suitt could not describe the man who jumped into his van and was unable to recall minor details does not seriously detract from his testimony. He was confronted by an angry crowd in what appeared to be a hostile environment. His attention was directed to a grey Volkswagen and its occupant at a time when someone in the crowd shouted "Here comes our leader." It was natural that his attention was diverted to the man alighting from the automobile. He had ample opportunity to view his assailant before and during the attack. His testimony faltered only in minor respects. The fact that the garment showing the footprint was not introduced into evidence did not invalidate the identification. It was just one more factor for the jury to take into consideration. There is no showing that the evidence was insufficient to sustain a conviction.

Defendant next contends that he was denied a fair trial because the prosecutor stated to the jury that the grand jury minutes, which were not in evidence, corroborated the testi-

mony of officer Duffy. Defense counsel immediately objected. The trial judge sustained the objection and in the presence of the jury admonished the prosecutor that "there should be no comment on what he [the witness] said before the Grand Jury." Several cases have been cited in support of defendant's contention but we do not find them appropriate or controlling. The prosecutor made no further mention of this after being admonished by the court. In light of the prompt objection and the court's action we find no prejudicial error. See *People* v. *Bydalek,* 381 Ill. 330.

Defendant complains that on five occasions during the closing arguments, the prosecutor expressed his own opinion on the issues and defendant's guilt. On four of the occasions brought to our attention, no objection was raised and accordingly the alleged error, if any, was waived. (*People* v. *Donald,* 29 Ill.2d 283; *People* v. *Sinclair,* 27 Ill.2d 505.) With respect to the fifth instance, we find that a prompt objection was made and the court directed the jury to disregard the prosecutor's comment, thus curing any alleged error. *Cf. People* v. *Farmer,* 28 Ill.2d 521.

Defendant next contends that it was error for the prosecuting attorney to bring out statements made by members of the crowd that defendant was their leader. No objection was made to these statements when originally introduced into evidence. Even if objection had been made, it is doubtful that it would have been appropriate. Such statements are indicative of the intent and mental state of the crowd and therefore admissible. "Utterances connected with a mob or riotous assemblage have several aspects: * * * (c) as indicating the intent of the mob, whether seditious, violent or otherwise, the expressions of intention by the persons composing it are clearly receivable, either as indirect evidence * * * or as assertions of a mental state * * *." (6 Wigmore on Evidence, 3rd ed. 1940, sec. 1790, pp. 239-240.) Being properly in evidence, it was the subject of appropriate comment by the prosecutor. We find no error here.

Defendant argues that the court erred in refusing his tendered instruction No. 5, *i.e.,*: "The court instructs the jury that in order to find the defendant guilty of robbery you must find beyond a reasonable doubt that the defendant had a specific intent to promote or facilitate the commission of the robbery. Mere presence at the commission of a crime is not culpable." People's instruction No. 6 (IPI Criminal No. 503) was given and reads as follows: "A person is responsible for the conduct of another person when, either before or during the commission of a crime, and with the intent to promote or facilitate the commission of a crime, he knowingly solicits, aids, abets, agrees or attempts to aid the other person in the planning or commission of the crime." The only material difference in these instructions is the statement that "mere presence at the commission of a crime is not culpable." We find that the jury was properly instructed on the issue involved and the refusal to give defendant's tendered instruction was not error. The State's case was predicated on the fact that defendant came into the Good Humor truck and forcibly restrained the driver while others removed ice cream bars therefrom. The defense was based on the theory that Hampton was not at the scene at the time the offense was committed. The jury would have been confused by an instruction on a matter not in issue and unsupported by evidence. *Cf. People* v. *Banks,* 26 Ill.2d 259; *People* v. *Fryman,* 4 Ill.2d 224.

Defendant next complains that the trial court erred in denying his request to discharge the entire panel from which the jury was selected. Prior to the selection of the jury, it was noted that officer Duffy and the complaining witness were seated in the jury box with some of the prospective jurors. When defendant moved to dismiss the panel, the court held an *in camera* conference which revealed that through inadvertence a court bailiff had instructed the two prosecution witnesses to sit in the jury box. It was also learned that they had no conversation with any of the pro-

spective jurors. The trial court thereupon denied the motion. Furthermore, defendant made no subsequent inquiry into this matter in the *voir dire* examination. We find no error in this regard.

It is next argued that prejudicial error was committed when the court allowed testimony regarding the extent of the complainant's injuries, *viz.*, two black eyes and a lump on his head. Defendant claims that the testimony could only serve to inflame the minds of the jury. In order to prove the crime of robbery, it was essential that the State show the threat or use of such force as to overcome the power of the owner to retain his property. (*People* v. *Williams*, 23 Ill.2d 295.) The evidence introduced established this fact and its presentation was a matter largely within the sound discretion of the trial court. A decision will generally not be disturbed unless there has been an abuse of discretion to the prejudice of the defendant. (*People* v. *Speck*, 41 Ill.2d 177, 203-204.) Upon review of this evidence we find no abuse of the trial court's discretion.

Finally, Hampton contends that his sentence was excessive. This court has consistently held that where it is claimed that the punishment imposed in a particular case is excessive, although within the limitations prescribed by the legislature, that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of section 11 of article II of the Illinois constitution. (*People* v. *Taylor*, 33 Ill.2d 417; *People* v. *Smith*, 14 Ill.2d 95.) The trial court is normally in a superior position during the trial and hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review. (*People* v. *Taylor*, 33 Ill.2d at 424.) Upon a review of the record in this case, we cannot say that the court's sentence was improper.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*