THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD SWET, Defendant-Appellant.

(No. 53762;

First District—April 23, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

Defendant appeals from an order revoking his probation and sentencing him to two to ten years for the crime of attempt (murder). (Ill. Rev. Stat. 1965, ch. 38, pars. 8—4, 9—1.) His only contention is that the sentence is excessive.

On September 8, 1966, defendant pleaded guilty to a charge of having attempted to commit murder and was admitted to probation for five years. A day or so prior to the acts for which defendant was charged, he had tried to take his own life because, he said, he found that a woman he loved was going back to her husband. On the day of the incident, he visited the woman to persuade her to come with him, but she refused him. He then went outside her apartment, with a rifle, where he confronted a policeman who had been summoned and who ordered him to drop the rifle. Defendant shot at the policeman, shouting, "kill me." The fire was returned and defendant was wounded.

In aggravation, the court was advised that defendant, who was 24 years old at the time of his trial, had a record of five convictions: assault and battery twice, entering, trespassing, and larceny, some or all in New Jersey. On two of those occasions, he was directed to undergo psychiatric treatment, and he had been in mental institutions a number of times. In the instant case, one of the conditions of defendant's probation was that he secure psychiatric treatment.

On April 13, 1967, defendant was convicted of larceny in New Jersey and was given a six-month sentence. At a hearing to show cause why his probation in the instant case should not be terminated, the court was advised of the conviction, of defendant's failure to report to the probation authorities, and of his failure to seek psychiatric treatment, all in violation of the terms of his probation. The court then imposed the sentence from which this appeal has been taken.

In support of his argument that the sentence of two to ten years was excessive, defendant directs our attention to *People v. Jones,* 92 Ill.App. 2d 124, 127-28, where the court discussed the value of low minimum sentences to prevent a defendant from being retained in prison after his rehabilitation. We think that the sentence in the instant case, which has a two-year minimum, is entirely consistent with this policy.

Defendant argues that, since he is in apparent need of psychiatric care, his chance of rehabilitation would be greater out of, rather than in, prison. We see no force in this argument, especially where, as the record in this case shows, one of the reasons for the termination of defendant's probation was his violation of the court's probation order directing him to seek psychiatric counseling available through the probation offices while he was at large.

We also note that the ten-year maximum sentence in this case was one-half the twenty-year maximum sentence for the charge. (Ill. Rev. Stat. 1965, ch. 38, par. 8—4 (c) (1).) Where a sentence is attacked as excessive, it should be altered by a reviewing court only when it is in manifest disproportion to the nature of the offense or "greatly at variance

with the purpose and spirit of the law." (*People v. Hampton*, 44 Ill.2d 41, 48.) We cannot say that the sentence in this case was excessive.

The judgment is therefore affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.