(No. 45120.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BILLY ROSE SPRINKLE *et al.,* Appellants.

*Opinion filed January 23, 1974.*

258

Bruce Stratton, District Defender, Illinois Defender Project, of Ottawa (Richard Kennedy, of counsel), for appellants.

William J. Scott, Attorney General, of Springfield (James B. Zagel and E. James Gildea, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendants were 14 and 15 years old respectively when they were indicted in the circuit court of Will County for the offenses of murder and deviate sexual assault committed upon a victim 14 years of age, crimes which occurred September 16, 1968. They pleaded guilty to both charges and were sentenced to terms in the

penitentiary of not less than 75 nor more than 90 years for murder, and not less than 13 nor more than 14 years for deviate sexual assault. Both sentences were affirmed by the appellate court (*People v. Perruquet,* 3 Ill. App. 3d 4; *People v. Sprinkle,* 4 Ill. App. 3d 6). We allowed the defendants' petition for leave to appeal.

The defendants argue that the legislature may not vest in the State's Attorney the discretion as to whether a juvenile shall be tried as a juvenile or an adult, that the statute which provides for the transfer of cases from the juvenile division of the circuit court to the criminal division does not provide due process of law, and that the sentences are excessive.

Prior to the return of the indictments, petitions had been filed on the day of the defendants' arrest in the juvenile court division of Will County charging the defendants with being delinquents. A detention hearing was held the same day, the Public Defender having been appointed to represent the defendants. At the hearings, the coroner testified as to the cause of death of the victim. The chief investigator from the sheriff's office testified to the fact that the defendants were in custody, as well as to the substance of admissions and statements made by them to him within hours after their arrest. The admissions and statements constituting, in effect, a confession, the court found that further detention was necessary.

Ten days after the detention hearing, the State's Attorney petitioned the juvenile court to transfer the cases to the criminal division for trial of the defendants as adult offenders, pursuant to sections 2—2, 2—7, and 2—8 of the Juvenile Court Act, effective January 1, 1966. Ill. Rev. Stat. 1967, ch. 37, pars. 702—2, 702—7, and 702—8.

At the very brief hearing on the State's petition to transfer, the juvenile court judge, in the presence of the defendants and their parents, advised the defendants' counsel that he was "present to listen to evidence or arguments you may have in this matter." Counsel for the defendants, however, explained that "the detention hear-

ing which went into considerable detail and was very lengthy afforded us a full opportunity for examination," and they offered neither evidence nor argument to the court.

The judge who conducted the hearing was the same judge who had previously heard testimony in the case. Thus, on the basis of the evidence he had previously taken and upon the undisputed facts set forth in the State's petition for transfer, the judge had sufficient information concerning the matter to make a reasoned judgment on the petition to transfer.

When the case was called for trial in the circuit court, no testimony was required to convict the defendants since they both entered a plea of guilty to both of the charges against them after being fully admonished of their rights.

While many protections of the Bill of Rights extend beyond the courtroom, the guaranty of a hearing found to be within the due-process clause of the fifth amendment has traditionally been limited to judicial and quasi-judicial decision making. We believe that the Illinois legislature reasonably vested in the State's Attorney, rather than the judge of the juvenile court in a judicial proceeding, the responsibility of deciding whether the offender should be proceeded against as an adult or as a juvenile. Under section 2—7(5) of the Act, the State's Attorney's discretion in question was subject to a type of veto by the minor, in that the minor may, with consent of his counsel before the commencement of the adjudicatory hearing, file with the court a motion that criminal prosecution be ordered and that the petition be dismissed, and if said motion is filed, then the court shall so order. To this extent the decision of the State's Attorney on the matter of transfer was not final.

Section 2—7 was amended by Public Act 77—2096, effective January 1, 1973. The section as amended vested discretion in the juvenile court judge to waive jurisdiction over the minor, and prescribed standards to be considered in the exercise of that discretion.

We hold, therefore, that the Illinois legislature may reasonably vest in the State's Attorney the discretion of deciding whether the juvenile shall be prosecuted as an adult or juvenile offender. The guaranty of hearing found in the due-process clause of the fifth amendment to the United States Constitution had traditionally been limited to judicial and quasi-judicial proceedings. It has never been held applicable to the process of prosecutorial decision making. If it were so held, the prosecutorial function would be vitally impaired.

In the light of the circumstances of this case and this court's prior interpretation of the statute as to the discretion reposed in the State's Attorney, the contention of the defendant in this respect cannot be sustained. *People v. Bombacino* (1972), 51 Ill.2d 17, 19-20; *People v. Handley* (1972), 51 Ill.2d 229, 233.

The defendants further contend that the statute which authorizes the transfer of cases from the juvenile division of the circuit court to the criminal division violates due process of law, and is therefore unconstitutional, because it fails to provide for a meaningful hearing into the transfer. The defendants assert that the statute providing for the hearing fails to state who shall have the burden of proof, lacks standards which the court can follow in making its determination, and fails to require the court to state its reasons for not objecting to the transfer.

The facts of this particularly brutal crime are adequately stated in the appellate opinion (4 Ill. App. 3d 6) and need not be repeated here. For the purposes of our decision, it is sufficient to relate that the victim to whose murder the defendants had pleaded guilty was kicked and beaten about the head with a metal bar and concrete block, after refusing to buy a transistor radio from the defendants and after being forced to submit to unnatural sex acts. The victim died from brain damage caused by the beating. An autopsy revealed multiple fractures and brain hemorrhages.

The precise question of the constitutionality of this

statute has been raised recently by this court in *People v. Bombacino* (1972), 51 Ill.2d 17, *cert. denied,* 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230. We there found no constitutional infirmity in vesting in the State's Attorney the discretion to transfer cases to the criminal division of the circuit court. The defendant argued in *Bombacino* that his conviction was void because the trial court lacked jurisdiction to try the case as a result of the juvenile court judge's failure to conduct a hearing on the petition to remove the case from the juvenile division. In advancing that argument, the defendant in *Bombacino* relied upon *Kent v. United States* (1966), 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045, wherein the United States Supreme Court, in construing a statute of the District of Columbia which vested in the juvenile court the discretion to waive jurisdiction over the minor, held that that statute required a hearing before the juvenile court could permit the removal of the case from the juvenile division of the court and permit the juvenile to be prosecuted for a crime.

This court observed in *Bombacino* that the Illinois and District of Columbia statutes differ in that the Illinois act vests the discretion in the State's Attorney whether to proceed against a juvenile in the criminal division, and not in the juvenile court judge. This discretion is subject only to the right of the juvenile judge to object, in which event the matter is referred to the chief judge of the circuit for decision. In rejecting Bombacino's argument, this court held that "Under our act a due process hearing as prescribed in *Kent* is not required at this stage of the proceeding." *People v. Bombacino* (1972), 51 Ill.2d 17, 20; see also *People v. Hawkins* (1972), 53 Ill.2d 181.

In *People v. Handley* (1972), 51 Ill.2d 229, this court, with reference to an alleged lack of statutory restrictions on the exercise of the State's Attorney's discretion to prosecute criminally, stated at page 233, as follows:

"Historically, the office of the State's Attorney has involved the exercise of a large measure of

discretion in the many areas in which State's Attorneys must act in the performance of their duties in the administration of justice. We do not find it constitutionally objectionable that the legislature has seen fit to grant discretion to the State's Attorney in removal matters under the Juvenile Court Act, particularly in view of the fact that the purposes of the Act as set forth in section 1—2 *** can be presumed to be considered by State's Attorneys in making determinations in these matters. We further conclude, as we did in *Bombacino,* that the due process hearing prescribed in *Kent* is not required at this stage of the proceedings in the juvenile court."

We therefore conclude that the statute in question is constitutionally valid, and reject the defendants' contention in that respect. We observe also that the defendants' counsel, and their parents, consented to the transfer to the criminal division, thereby waiving any constitutional objection they might have to the transfer. *People v. Handley* (1972), 51 Ill.2d 229.

We note, however, that section 2—7(3)(a) and (b) of the Juvenile Court Act has been amended effective January 1, 1973, so that discretion to waive juvenile court jurisdiction will henceforth reside in the juvenile judge. The statute provides, among other things:

"(a) In making its determination on a motion to permit prosecution under the criminal laws, the court shall consider among other matters: (1) whether there is sufficient evidence upon which a grand jury may be expected to return an indictment; (2) whether there is evidence that the alleged offense was committed in an aggressive and premeditated manner; (3) the age of the minor; (4) the previous history of the minor; (5) whether there are facilities particularly available to the Juvenile Court for the treatment and rehabilitation of the minor; and (6) whether the best interest of the minor and the security of the public may require that the minor continue in custody or under supervision for a period

extending beyond his minority. The burden and standard of proof shall be the same as under Section 5—1 of this Act. (b) If criminal proceedings are instituted, the petition shall be dismissed insofar as the act or acts involved in the criminal proceedings are concerned. Taking of evidence in an adjudicatory hearing in any such case is a bar to criminal proceedings based upon the conduct alleged in the petition." Ill. Rev. Stat., 1972 Supp., ch. 37, par. 702—7.

The defendants next urge that their sentence is excessive in view of their age. The record reflects that the sentencing judge considered their age, for he stated that were it not for that factor, he would have imposed the death penalty.

In *People v. Cannon* (1967), 49 Ill.2d 162, cited by the defendants in support of their argument, this court held that the death sentence was not appropriate for 16- and 17-year-old defendants with no prior criminal record, and reduced the sentence to 40 to 60 years in the penitentiary. However, the brutality of the crime committed by the defendants herein, and their past criminal record, clearly distinguishes the circumstance of this case from that of the defendant in *Cannon.*

It is well-established law in Illinois that where it is claimed that the sentence imposed upon a defendant is excessive, though within the limits prescribed by the legislature in the Criminal Code, "that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of section 11 of article II of the Illinois constitution [1870]." *People v. Hampton* (1969), 44 Ill.2d 41, 48.

The trial court is normally in a better position during the trial and hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review. *People v. Hampton* (1969), 44 Ill.2d 41. See also *People v. Taylor* (1965), 33 Ill.2d 417, 424.

We believe that these principles relative to sentencing have not been violated here. We find no reason to disturb the sentences. The judgments of the appellate court are therefore affirmed.

*Judgments affirmed.*