THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE D. THOMAS, Defendant-Appellant.

Third District   No. 75-5

Opinion filed May 20, 1976.

Hollis Ruth Hill, of Chicago, for appellant.

Frank Yackley, State's Attorney, of Ottawa (James Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant was found guilty after a jury trial of delivery of over 30 grams of a substance containing cocaine and was sentenced to a term of imprisonment for not less than 8 years nor more than 24 years, with the sentence to run consecutively to a previous sentence imposed on defendant for a separate drug offense in Peoria County. Defendant raises the following issues on appeal: (1) whether the graduated penalty provision of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401) is unconstitutional; (2) whether reversible error occurred when defendant was arraigned in the absence of defendant's private counsel; (3) whether hearsay statements of a codefendant were improperly admitted; and (4) whether the sentence is excessive.

The State's evidence showed that on October 3, 1973, William Barrett, an undercover agent for the IBI, had a conversation with Sandra Stevenson, a codefendant, in which Miss Stevenson offered to sell an ounce of cocaine and stated that her "connection" could supply additional cocaine on a day's notice. At approximately 7:20 that evening, Barrett and another agent went to Miss Stevenson's house in Grand Ridge, La Salle County, Illinois, purchased the ounce of cocaine and told Miss Stevenson that they were interested in purchasing a couple more ounces of cocaine. She placed a call on the telephone, asked for Jim Thomas and stated that two people were at her house and were interested in purchasing more cocaine. After she completed the call, Miss Stevenson told the agents that the person with the cocaine would be at her house in 30-45 minutes.

At approximately 9 p.m. defendant arrived. After stating that the cocaine was outside, defendant left the house and returned shortly thereafter with a plastic bag containing 58.29 grams of a substance containing cocaine. The agents completed the purchase and departed.

Two other agents were conducting a moving surveillance near the Stevenson residence. At 8:30 p.m. they observed a Cadillac bearing license plates registered to defendant drive into the area and, a few minutes later drive away at a high rate of speed. At 9 p.m. they observed defendant's car parked at the Stevenson residence.

Defendant first contends that section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401) is violative of due process and equal protection by providing graduated penalties which are based on the weight of the substance containing cocaine rather than the actual weight of the cocaine.

■■ This court considered the same contention in *People v. Thomas*

(3d Dist. 1976), 38 Ill. App. 3d 685 , 348 N.E.2d 282 ,which involved a separate drug offense by this defendant. In that case we determined that this issue was controlled by *People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97, where our Supreme Court stated that it was not unreasonable for the legislature to deal with a mixture or compound rather than with the pure drug, and that the legislature could reasonably believe that a drug can be distributed to a greater number of people, and thus have a greater potential to be harmful if it is mixed with another substance. Accordingly, we find no constitutional infirmity in the classification scheme involved here.

Defendant next cites as grounds for reversal the fact that he was arraigned in the absence of privately retained counsel.

The record shows that defendant was indicted on November 8, 1973. Defendant appeared in court on January 10, 1974, received copies of the indictment and informed the court that he had retained counsel. Defendant's arraignment was scheduled for January 17, but on that date the case was continued because defendant's counsel failed to appear. After defense counsel filed a preliminary motion and the case was generally continued, the arraignment was scheduled for July 22 and notice was sent to defense counsel. On this date defense counsel again failed to appear and the trial court entered a plea of not guilty for defendant in an effort to prevent further delay being attributed to defendant.

A defendant charged with a felony has the right to be represented by counsel at the arraignment, which is a critical stage of the proceedings. *(People v. Hessenauer* (1970), 45 Ill. 2d 63, 256 N.E.2d 791.) However, where the defendant has suffered no prejudice, the absence of counsel at arraignment cannot be the basis for reversal. *People v. Rebenstorf* (1967), 37 Ill. 2d 572, 229 N.E.2d 483, *cert. denied,* 390 U.S. 924, 19 L. Ed. 2d 984, 88 S. Ct. 853; *People v. Mitchell* (1st Dist. 1975), 34 Ill. App. 3d 311, 340 N.E.2d 266.

■■ In the case before us, the trial court was faced with delays occasioned by the repeated failure of defendant's retained counsel to appear at the arraignment. A plea of not guilty was entered, and defendant neither lost the availability of any defenses nor suffered any prejudice. Moreover, defense counsel did not object at any time before trial. (See Ill. Rev. Stat. 1975, ch. 38, par. 113—6.) Accordingly, we find this defect in the proceedings to be harmless error.

Defendant also contends that testimony regarding statements made by Miss Stevenson were inadmissible hearsay, and should not have been permitted at the trial. Defendant refers to the agents' testimony that Miss Stevenson offered to supply cocaine "through her connection" and

testimony that she talked with a Jim Thomas on the telephone and then told the agents that the person with the cocaine would be at her house in 30-45 minutes.

Statements made by a conspirator in furtherance of the conspiracy are admissible against other members of the conspiracy as an exception to the hearsay rule. *(People v. Davis* (1970), 46 Ill. 2d 554, 264 N.E.2d 140; *People v. Baer* (1st Dist. 1976), 35 Ill. App. 3d 391, 342 N.E.2d 177.) It is not necessary that a conspiracy be alleged in the indictment, and such statements may be admitted before proof of the conspiracy has been given pending the future production by the State of adequate evidence to show the existence of the conspiracy. *People v. Stewart* (1st Dist. 1974), 24 Ill. App. 3d 605, 614, 321 N.E.2d 450; *People v. Trigg* (1st Dist. 1968), 97 Ill. App. 2d 261, 240 N.E.2d 130.

■■ In the instant case, after the agents purchased cocaine from Miss Stevenson, they indicated a desire to purchase additional amounts. Miss Stevenson made a phone call, and defendant arrived at her residence and sold cocaine to the agents. We believe there was sufficient evidence to show the existence of a conspiracy and render admissible the statements of Miss Stevenson. See *People v. Trigg.*

■■ Defendant's final contention is that the sentence is excessive. Defendant has previous convictions for delivery of over 30 grams of cocaine and misdemeanor possession of marijuana. Involved in the two delivery convictions were large quantities of a narcotic which the legislature has deemed to be highly toxic. (Ill. Rev. Stat. 1975, ch. 56½, par. 1411.) The record shows that the trial court determined that "* * * the defendant must be confined for a substantial length of time to protect the public from his criminal conduct." (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).) The imposition of a sentence is a matter of judicial discretion and the sentence imposed by the trial court should not be changed by a reviewing court unless it is apparent that the judge abused his discretion. *People v. Burbank* (1972), 53 Ill. 2d 261, 291 N.E.2d 161.) The two offenses for which the defendant received consecutive sentences were committed at different times and in different counties and were certainly not a part of a single course of conduct. The trial court is in a much better position after trial and the sentencing hearing to make a sound determination as to the punishment to be imposed than are courts of review. *(People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161.) We find no reason presented in this case to disturb this sentence.

Accordingly, the judgment of conviction of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.