THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE E. DIMOND, Defendant-Appellant.

Third District   No. 76-542

Opinion filed November 8, 1977.

440

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal from a conviction of burglary in the McDonough County Circuit Court of Lawrence E. Dimond, following a bench trial. Defendant Dimond was sentenced to a term of 4 to 12 years imprisonment to be served consecutively to two other terms of imprisonment, based on prior convictions, which defendant was then serving. On appeal to this court, defendant argues (1) that the trial court erred in refusing to consider the merits of defendant's motion to dismiss on the ground that at the time of his arrest defendant was denied his statutory and constitutional rights to communicate with an attorney and (2) that the sentence imposed by the trial court is excessive.

The record discloses that defendant was arrested on May 31, 1976, and was charged by information on June 1, 1976. The grand jury of McDonough County subsequently returned an indictment charging defendant with the offenses of burglary, in violation of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1) and attempt (theft) in violation of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—4). On June 1, 1976, the trial court appointed counsel to represent defendant and on June 3, 1976, defendant's appointed counsel filed a motion for a change of venue, alleging as grounds therefor, prejudicial pretrial publicity.

On September 22, 1976, prior to trial, defendant filed a motion to dismiss the charges against him, and alleged that at the time of his arrest he had been denied his right to communicate with an attorney and that defendant's bond was set at an excessive amount.

Following a hearing on the motion, the trial court denied the motion to

dismiss, and found that the motion was untimely and that the court lacked power to rule on the merits of the motion because the motion was not based on any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). Defendant then waived his right to a trial by jury, and the cause proceeded as a bench trial.

Evidence at the trial showed that on May 31, 1976, defendant was apprehended by police in the library building of Western Illinois University campus at a time when the building was closed to the public. At the time of his arrest, defendant was apparently dressed in a ski mask and dark clothing, and was attempting to drag a money-changing machine from the library premises. Following presentation of the evidence and closing arguments, the trial court found defendant guilty of both burglary and attempt (theft). The trial court subsequently vacated the attempt (theft) conviction on the ground that the one act-one crime doctrine applied.

At the sentencing hearing in this cause, the presentence report showed that defendant had two prior felony convictions (for aggravated battery and burglary) and that defendant was then serving concurrent sentences on those convictions (both sentences of 1 to 3 years). The State presented no evidence in aggravation at the hearing. Defendant testified at the sentencing hearing, and requested a sentence which would allow him to remain at Vandalia, *i.e.,* a minimum sentence of no more than 4 years concurrent time and no more than 1 year consecutive time to the sentences which defendant was already serving. At the conclusion of the hearing, the trial court sentenced defendant to a term of from 4 to 12 years imprisonment, to be served consecutively to sentences which defendant was then serving based on prior convictions.

■■ The first issue argued by defendant on this appeal is the contention that the trial court erred in refusing to consider the merits of defendant's motion to dismiss on the ground that defendant was denied his right to communicate with counsel. We have noted that the trial court denied the motion to dismiss on the ground that it did not state any of the grounds set forth in section 114—1 of the Code of Criminal Procedure of 1963 and that the motion was not timely made. Section 114—1 of the Code of Criminal Procedure of 1963 provides in part:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

* * *

(b) The court shall require any motion to dismiss to be filed

within a reasonable time after the defendant has been arraigned. * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 114—1.)

The ground set forth in defendant's motion for dismissal and urged in this Court, to the effect that defendant was denied his right to communicate with counsel, is not specifically enumerated in section 114—1. The Illinois Supreme Court in a recent case, *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, considered whether a trial court is authorized to dismiss a criminal charge for reasons other than those explicitly stated in section 114—1, and stated:

> "* * * we believe that on the basis of the reasoning of our past decisions and that of the appellate courts and on the basis of the reasoning of the United States Supreme Court, we must conclude that a trial court does have an inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process even though that is not a stated ground in section 114—1." (67 Ill. 2d 449, 455.)

With a view to the observation made in *People v. Lawson* and our analysis of the instant case, we note that defendant's motion to dismiss alleged that at the time of his arrest, defendant was denied his right to communicate with an attorney. We note that defendant was arrested on May 31, 1976, and that counsel was appointed to represent defendant on June 1, 1976. We also note that the appointed counsel filed a motion for a change of venue on defendant's behalf on June 3, 1976. Under such circumstances, we are unable to discern any substantial prejudice resulting from the alleged inability to communicate with counsel to such an extent as to constitute a clear denial of due process. We conclude that the trial court did not err in its disposition of defendant's motion.

■■ We also note that under section 114—1(b) of the Code of Criminal Procedure it is provided that the trial court may require a motion to dismiss to be filed within a reasonable time after arraignment. Defendant here was arraigned on June 1, 1976, and defendant did not file his motion to dismiss until September 22, 1976. We believe that the trial court also properly denied the motion to dismiss as untimely made.

■■ Defendant also contends that the sentence of 4 to 12 years imprisonment to be served consecutively to the sentences defendant was already serving is excessive. As we have stated in *People v. Thomas* (3d Dist. 1976), 38 Ill. App. 3d 689, 692, 348 N.E.2d 285:

> "The imposition of a sentence is a matter of judicial discretion and the sentence imposed by a trial court should not be changed by a reviewing court unless it is apparent that the judge abused his discretion. *People v. Burbank* (1972), 53 Ill. 2d 261, 291 N.E.2d 161."

It is clear that defendant could have been sentenced to a minimum sentence of no less than 1 year imprisonment, and to a maximum sentence of no more than 20 years imprisonment for the burglary conviction. (Ill. Rev. Stat. 1975, ch. 38, pars. 19—1, 1005—8—1.) With respect to consecutive sentences, section 5—8—4) provides in part:

"(a) * * * when a term of imprisonment is imposed on a defendant who is already subject to sentence in this State or in another state, * * * the sentences shall run concurrently or consecutively as determined by the court. The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. * * *

(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record."

It is undisputed, in the instant case, that defendant's burglary conviction did not arise from a single course of conduct including his prior convictions. Therefore, it appears that all prerequisites for the imposition of a consecutive sentence are met and, as stated in *People v. Perry* (1st Dist. 1976), 38 Ill. App. 3d 81, 87, 347 N.E.2d 340:

"* * * it is within the sound discretion of the trial court to impose a consecutive rather than a concurrent sentence (* * * *People v. Sykes*, 10 Ill. App. 3d 657, 658, 295 N.E.2d 323, 324) * * *."

Defendant urges that the trial court was compelled to set forth in the record the basis for its determination to sentence defendant consecutively. We note, however, that section 5—8—4(b) of the Unified Code of Corrections provides that "* * * the court *may* set forth in the record [the basis for its determination]." (Emphasis added.) We have noted that defendant cites in support of his position *People v. Meints* (4th Dist. 1976), 41 Ill. App. 3d 215, 355 N.E.2d 125, in which the appellate court concluded that the trial court, after indicating the facts and circumstances of the case did not support a sentence of greater than the minimum, must set forth in the record the basis for imposition of consecutive sentences. The instant case, however, is distinguishable because the trial court here did not indicate that a minimum sentence was desirable. We conclude that the trial court, in this instance, was not required to set forth the basis for its determination to issue consecutive sentences, and we also determine that the trial court did not abuse its discretion in imposing the sentence of 4 to 12 years consecutive time as to

defendant in this cause. We see no basis for reversal or modification of such sentence in the record in view of the discretion vested in the trial court.

■■ The State has also argued in this case on appeal, that the trial court erred in concluding that sentencing on the attempt (theft) conviction was barred by the one act—one crime doctrine, and that this court should now remand for imposition of sentence on the attempt (theft) conviction. This issue was discussed by the appellate court in *People v. Akins* (5th Dist. 1976), 43 Ill. App. 3d 943, 945, 358 N.E.2d 3, where the court says:

> "The State contends that the trial court should have imposed a sentence on defendant's aggravated battery conviction and that a remand with directions to do so is a proper disposition of this case. In urging this contention, the State is in the posture of an appellant. Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)) strictly limits the State's right to appeal. The Rule does not allow the State to contest the propriety of the imposition of a sentence on a criminal defendant. (*People v. Kent*, 40 Ill. App. 3d 256, 350 N.E.2d 890.) Had defendant not brought this appeal, the State thus could not even have suggested the issue it seeks to present. Accordingly, we do not consider it now."

No appeal was taken by the State under Supreme Court Rule 606, nor do we see any notice of appeal in this action by the State. We, therefore, agree with the conclusions expressed in the *Akins* case and conclude that remandment for imposition of sentence on the attempt (theft) conviction should not be made in this cause.

For the reasons stated, the judgment and sentence of the Circuit Court of McDonough County in this cause are affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.