THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD SHORT, Defendant-Appellant.

Third District   No. 77-7

Opinion filed June 13, 1978.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Richard Short appeals from convictions of attempt (murder), attempt (rape), and aggravated battery entered in the Circuit Court of Kankakee County following a jury trial. Defendant was sentenced to concurrent terms of 30 to 60 years imprisonment for attempt (murder), 6 to 20 years imprisonment for attempt (rape), and 3 to 10 years

imprisonment for aggravated battery. On appeal, defendant argues that (1) defendant was denied a fair trial by the trial court's action in excluding defendant's alibi witness due to defendant's failure to comply with discovery rules, (2) the trial court erred in instructing the jury that defendant could be found guilty of attempt (murder) if defendant knew that his acts created a strong probability of death or great bodily harm, (3) the judgment of conviction for aggravated battery must be vacated because the attempt (murder) and aggravated battery convictions arose from the same physical act, and (4) the sentence of 30 to 60 years imprisonment imposed for the attempt (murder) conviction is excessive.

It is noted from the record that the State's evidence at trial indicated that at approximately 7:45 p.m. on March 19, 1976, Taren Howard was seized by the defendant. Taren testified that while she was walking her bicycle near her home in Kankakee, Illinois, defendant grabbed her from behind, placed a knife to her neck, and indicated that he (defendant) was going to rape her. It appears that Taren struggled with defendant and ran to the backyard of her home. Defendant followed her to the backyard, and pushed her to the ground. Taren, continuing to struggle, escaped from defendant's hold and ran toward the house, while defendant ran away down an alley. Taren testified that after the incident she realized that she had a cut on her neck and bruises on her face. The State also presented testimony by Brenda Jones (who testified that she was forcibly raped at knife-point by defendant at approximately 8:30 p.m. on March 19, 1976), that while defendant was raping her, defendant stated that he had caught someone earlier but that she had escaped.

After presentation of the State's evidence, the State moved *in limine* to exclude from evidence all defense witnesses and information not disclosed to the State as required by Supreme Court Rule 413 (Ill. Rev. Stat. 1977, ch. 110A, par. 413). It appears that the defense desired to present the alibi testimony of A. C. Campbell, who would have testified that defendant was in the company of Campbell at Campbell's house from approximately 8 p.m. to 9 p.m. on March 19, 1976. The defense had not, however, furnished the State with information regarding the alibi defense as required by Supreme Court Rule 413(d)(iii). The trial court, after noting that allowing Campbell to testify at that time would deprive the State of the opportunity to investigate Campbell's activities on March 19, 1976, and to determine Campbell had a criminal record for purposes of impeachment, excluded Campbell's testimony pursuant to Supreme Court Rule 415(g) (Ill. Rev. Stat. 1977, ch. 110A, par. 415(g)).

At the close of the evidence, the trial court instructed the jury with respect to the attempt (murder) charge that "A person commits the crime of Attempt in Count I, who, with the intent to commit the crime of Murder, does any act which constitutes a substantial step toward the

commission of the crime of murder," and further that "A person commits the crime of Murder who kills an individual if, in performing the acts which cause the death, he knows that such acts create a strong probability of death or great bodily harm to that individual." After hearing the instructions, the jury retired for deliberations and found defendant guilty of attempt (murder), attempt (rape), and aggravated battery.

At the sentencing hearing, the trial court heard evidence of defendant's prior criminal record. It appears that defendant was convicted of attempt (robbery) in Mississippi in 1958. Defendant was twice paroled while serving the sentence for that conviction, and returned to prison both times for parole violations. Following his release in 1968, defendant was convicted in Illinois in 1970 for aggravated battery, armed violence and armed robbery. Defendant was released from imprisonment on the Illinois convictions in November 1975. The trial court sentenced defendant to concurrent sentences of 30 to 60 years for attempt (murder), 6 to 20 years for attempt (rape), and 3 to 10 years for aggravated battery.

■■ On appeal, defendant first argues that he was denied a fair trial by the trial court's action in excluding defendant's alibi witness due to defendant's failure to comply with applicable discovery rules. Supreme Court Rule 413(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 413(d)) provides in part:

> "Subject to constitutional limitations and within a reasonable time after the filing of a written motion by the State, defense counsel shall inform the State of any defenses which he intends to make at a hearing or trial and shall furnish the State with the following material and information within his possession or control: * * *' (iii) and if the defendant intends to prove an alibi, specific information as to the place where he maintains he was at the time of the alleged offense."

It is noted that the Illinois Supreme Court in *People ex rel. Carey v. Strayhorn* (1975), 61 Ill. 2d 85, 329 N.E.2d 194, held this provision regarding the discovery of an alibi defense to be constitutionally valid. Supreme Court Rule 415(g)(i) (Ill. Rev. Stat. 1977, ch. 110A, par. 415(g)(i)) provides:

> "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances."

In the instant case it is clear that defense counsel did not provide the State with information regarding defendant's alibi defense, as required by

Supreme Court Rule 413(d). Defense counsel in the trial court admitted that he had not provided timely discovery of the State, apparently due to his (defense counsel's) schedule. There is no indication in the record that information regarding defendant's alibi defense was not available to defendant prior to trial, and yet the State was not informed of the alibi defense in a timely manner. It is understandable that the State would desire the time and opportunity to investigate the alibi defense. Under such circumstances, and where the matter concerning the presentation of defendant's alibi defense was not brought to the attention of the trial court until the trial was in process, we conclude that the trial court did not abuse its discretion in excluding the evidence regarding the alibi defense.

■■ Defendant next argues that the trial court erred in instructing the jury that defendant could be found guilty of attempt (murder) if defendant knew that his acts created a strong probability of death or great bodily harm to his victim. While there has recently been a substantial change in the judicial determinations of this issue, it is now apparently clear that the Illinois Supreme Court's decision in *People v. Trinkle* (1977), 68 Ill. 2d 198, 369 N.E.2d 888, wherein the court held that the intent to cause death must be alleged and proven to sustain a conviction for attempt (murder), now controls our decision in this case. (*People v. Shields* (3d Dist. 1977), 54 Ill. App. 3d 1020, 370 N.E.2d 654; *People v. Roberts* (4th Dist. 1978), 56 Ill. App. 3d 667, 372 N.E.2d 143; *People v. Tamayo* (2d Dist. 1978), 56 Ill. App. 3d 800, 372 N.E.2d 434.) While defense counsel did not object to the attempt (murder) instructions specifically on the ground of the intent issue, it is apparent that the instructions given in the trial court are erroneous under *Trinkle*. We determine that the error in instructions was substantial, and conclude (as stated in *People v. Roberts* (4th Dist. 1978), 56 Ill. App. 3d 667, 676):

"* * * that because of the recent focus of the law on the question of the mental state involved in attempt murder and the differing decisions made by the various courts of review, fundamental fairness requires that no waiver of the instruction issue be invoked."

■■ Defendant has further argued that the judgment of conviction for aggravated battery, in the instant case, should be vacated for the reason that the attempt (murder) and aggravated battery convictions arose from the same physical act. Since we have determined that the attempt (murder) conviction be reversed and that cause remanded for new trial on the attempt (murder) charge, we believe that the issue should be determined at this time for ultimate disposition by the trial court. Therefore, for guidance to the trial court in the event the attempt (murder) charge results in a conviction, we conclude that the factual basis for both the attempt (murder) charge and the aggravated battery

conviction involves the circumstance that defendant hit his victim on the neck with a knife. It thus is apparent that the attempt (murder) charge and the aggravated battery charge both arose from a single act of defendant and, therefore, ultimately, convictions for both offenses cannot be sustained. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838.) We, therefore, likewise remand this cause with respect to the aggravated battery charge for ultimate consideration by the trial court at the time sentencing is undertaken, in the event of the conviction of defendant on the attempt (murder) charge. The aggravated battery conviction is affirmed and the sentence imposed thereon is likewise affirmed, but such conviction and such sentence are remanded to the trial court to be determined ultimately, conditioned upon the disposition of the attempt (murder) charge in the trial court. In the event the attempt (murder) charge does not result in a conviction, then the aggravated battery conviction and the sentence imposed thereon are expressly affirmed. In the event the attempt (murder) charge does result in a conviction of defendant and sentence imposed thereon, then, in such event, the trial court should vacate the conviction and sentence on the aggravated battery charge, since both convictions and sentences on the attempt (murder) and the aggravated battery charge would have arisen from the same physical act.

The judgment of conviction for attempt (rape) is affirmed and the sentence imposed thereon is likewise affirmed.

For the reasons herein stated, the attempt (murder) conviction is reversed and the cause involving such charge is remanded to the Circuit Court of Kankakee County for new trial. The aggravated battery charge conviction and sentence are both affirmed, subject, however, to further consideration and action by the Circuit Court of Kankakee County under the conditions as herein stated, dependent upon the disposition of the attempt (murder) charge involving the defendant in this cause.

Affirmed in part and reversed and remanded in part.

BARRY, P. J., and SCOTT, J., concur.