THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD SHORT, Defendant-Appellant.

Third District   No. 77-21

Opinion filed August 2, 1978.

STOUDER, J., specially concurring.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Richard Short appeals from convictions of aggravated kidnapping, rape and two counts of deviate sexual assault which were returned in the Circuit Court of Kankakee County following a jury trial. Defendant was sentenced to concurrent terms of 100 to 200 years imprisonment for each offense, with these sentences to run concurrently, but all of the sentences imposed in this case to run consecutively to the sentences imposed upon defendant in the case of *People v. Short* (3d Dist. 1978), 60 Ill. App. 3d 640, 377 N.E.2d 389.

On appeal, defendant argues that the trial court abused its discretion in imposing excessive and consecutive sentences and two convictions and sentences for deviate sexual assault.

From the record, it is clear that on March 19, 1976, at approximately 8:30 p.m., while Brenda Jones was walking along a street in Kankakee, Illinois, defendant seized her from behind, put a knife to her throat and forced her into an abandoned building. Once in the building, defendant ordered Brenda to disrobe and struck her when she refused to do so. Defendant forced Brenda to perform deviate sexual acts and to engage in sexual intercourse with him. Following presentation of the evidence, the jury found defendant guilty of rape, aggravated kidnapping, and of two counts of deviate sexual assault.

A joint sentencing hearing was held on the convictions in this case and also on the convictions entered in *People v. Short* (1978), 60 Ill. App. 3d 640, 377 N.E.2d 389, and the trial court heard evidence of defendant's prior criminal record. Defendant was convicted of attempted robbery in Mississippi in 1958, and although he was paroled twice while serving sentence for that conviction, he was returned to prison both times for parole violations (one for attempted robbery and one for assault and battery). Defendant was finally released from imprisonment for the Mississippi conviction in 1968. In 1970, defendant was convicted in Illinois of offenses of aggravated battery, armed violence and armed robbery, and imprisoned on those convictions until November 1975. The acts which gave rise to defendant's convictions in this case and, also, in the other current case pending on appeal against him (*People v. Short* (1978), 60 Ill. App. 3d 640, 377 N.E.2d 389, all occurred on March 19, 1976. Defendant was 34 years of age at the time of the sentencing hearing, and had not been out of prison for more than two consecutive years since he was 16 years of age.

At the sentencing hearing, the State recommended that defendant be sentenced to terms of 250 to 300 years imprisonment on each conviction in this case. Defendant made no specific recommendation, but requested the court to impose sentences shorter than those requested by the State. After hearing the evidence and arguments of counsel, the trial court

sentenced defendant to concurrent terms of 100 to 200 years imprisonment on each of the four convictions in this case and, also, ordered that the sentences imposed in the instant case, run consecutively to the sentences imposed in the companion case, *People v. Short*, 60 Ill. App. 3d 640, 377 N.E.2d 389.

■■ On appeal in this court, defendant argues that the sentences imposed by the trial court are excessive, and requests this court to reduce the sentences pursuant to Supreme Court Rule 615 (Ill. Rev. Stat. 1977, ch. 110A, par. 615). We have stated in *People v. Thomas* (3d Dist. 1976), 38 Ill. App. 3d 689, 692, 348 N.E.2d 285, 288, that:

> "The imposition of a sentence is a matter of judicial discretion and the sentence imposed by a trial court should not be changed by a reviewing court unless it is apparent that the judge abused his discretion."

All of the offenses committed by defendant in the instant case are Class 1 felonies, for which defendant could be sentenced to any indeterminate sentence having a minimum of at least four years. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1.) The Illinois Supreme Court has stated in *People v. Sprinkle* (1974), 56 Ill. 2d 257, 264, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935, 41 L. Ed. 2d 239, 94 S. Ct. 2650:

> "It is well-established law in Illinois that where it is claimed that the sentence imposed upon a defendant is excessive, though within the limits prescribed by the legislature in the Criminal Code, 'that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of section 11 of article II of the Illinois constitution [1870].' *People v. Hampton* (1969), 44 Ill. 2d 41, 48.
>
> The trial court is normally in a better position during the trial and hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review. *People v. Hampton* (1969), 44 Ill. 2d 41. See also *People v. Taylor* (1965), 33 Ill. 2d 417, 424."

As further stated in *People v. Phillips* (3d Dist. 1978), 58 Ill. App. 3d 109, 110-11:

> "This court's power to reduce sentences [pursuant to Supreme Court Rule 615] is narrowly limited to those cases where the record clearly reveals that the trial court abused its discretion in imposing sentence. [Citation.] The reasons supporting the narrow construction of our power under rule 615 are obvious and have been frequently enunciated. A proper sentence must be based upon the particular circumstances of each case. [Citation.] Included among the factors to be considered in imposing sentence are the defendant's credibility, demeanor, general moral character,

mentality, social environment, habits and age. [Citation.] Also to be taken into consideration are the 'nature and circumstances of the offense' for which defendant is being sentenced. [Citation.] The trial judge, who has the opportunity to hear the evidence presented and to observe the defendant, is in a far superior position to evaluate these factors than a court of review which is limited to the facts contained in a cold record."

In the instant case, the defendant's offenses involved the use of force and a weapon. The defendant has been imprisoned for most of his adult life. He was released four times since 1958, and his subsequent conduct has on each occasion resulted in his return to prison. Under such circumstances, we conclude that the trial court did not abuse its discretion in sentencing defendant.

Defendant has also argued that he was prejudiced by the entry of sentences on the two convictions of deviate sexual assault. Defendant was charged and convicted on two counts of deviate sexual assault, one for cunnilingus and one for fellatio. Defendant contends that vacation of one of the judgments of conviction and sentences for deviate sexual assault is required by the precedent of *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, wherein the court held that convictions and sentences on two counts of indecent liberties with a child could not stand when the counts were based upon a single transaction and occurred almost simultaneously against a single victim.

■■ Since we do not find that the conclusions of the supreme court as announced in *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, have been expressly modified by the later case of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, we conclude that we should adhere to the standard expressed in the *Cox* case. We, therefore, conclude that the trial court should have entered judgment of conviction and imposed sentence on only one of the two counts of deviate sexual assault.

Defendant has also argued that the trial court abused its discretion in ordering that the sentences imposed in this case should run consecutively to the sentences imposed in the companion case to which we have referred. The Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—4(b)) provides:

"The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant * * *."

■■ It is clearly apparent from defendant's criminal record that defendant has persisted, upon his various releases from imprisonment, in the commission of criminal acts. We, therefore, conclude that the trial court

did not abuse its discretion in imposing consecutive sentences. *People v. Dimond* (3d Dist. 1977), 54 Ill. App. 3d 439, 369 N.E.2d 593.

The judgment and sentence imposed by the trial court on one of the counts for deviate sexual assault (for fellatio) are herewith vacated, but the remaining judgment of conviction and sentence on the charge of deviate sexual assault is affirmed.

The judgments and sentences imposed in the Circuit Court of Kankakee County, as modified and changed by vacation of one conviction and sentence of deviate sexual assault, are affirmed.

Affirmed.

BARRY, P. J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

I concur with my colleagues but I do so because neither the statutes nor the precedents provide any standards or guidelines delineating what is or is not an excessive sentence either as imposed by the trial court or as reviewed by an appellate court. It seems to me that proper sentencing includes the requirement that sentences be meaningful and substantially uniform. However, the current trend seems to be that where the crime is serious, and there can be no question that the crime and conduct of the defendant in this case are serious, any sentence may be imposed by the trial court because no standards have been evolved against which the discretion of the trial judge can be measured.

Under the rule of judicial discretion in sentencing it might well have been that the defendant could have been sentenced to various terms ranging from not less than 25 years but not more than 75 years, or a sentence of not less than 200 years imprisonment but not more than 600 years or perhaps a sentence of not less than 800 years but not more than 1,500 years imprisonment. There is apparently no standard which would provide that any of the foregoing sentences would be inappropriate or an abuse of discretion. It is obvious that with such a wide range of potential sentences there can be no uniformity in sentencing.

Likewise, sentences which involve big numbers of years are not meaningful except in some abstract or intangible way. A sentence which in its minimum or maximum exceeds life expectancy of a person, while it might demonstrate that the judge believes the crime to be serious, is obviously not related to reality and on its face demonstrates no expectation that the sentence can be complied with. Such a sentence must be regarded at best as a legal fiction in an area where legal fiction seems to me inappropriate.

I think that large unrealistic sentences also have another serious

deficiency, that is, they tend to deprecate lesser sentences and offer an inappropriate standard of comparison when sentences for less serious offenses are considered. On a scale of seriousness a sentence of 100 years would imply that it represents an offense 20 times more serious than an offense for which a 5-year minimum prison term is meted out and yet I have some doubt that any such relationship between such offenses can be established. In fact we have here an example of the Aunt Jane remedy. If one spoonful of medicine is good, two spoonfuls ought to be much better. Likewise if a sentence of 25 years imprisonment is good, a sentence of 50 years ought to be twice as good.

My plea is for rationality not leniency. It does little good to talk about judicial discretion in an area where there are no standards.