Walter ALLISON, Jr.,
Petitioner-Appellant,

v.

Ramon L. GRAY, Warden, etc., et al.,
Respondents-Appellees.

No. 77–1543.

United States Court of Appeals,
Seventh Circuit.

Argued April 9, 1979.

Decided July 30, 1979.

---

Laurence E. Norton, III, Legal Services, Inc., Carlisle, Pa., for petitioner-appellant.

Pamela Magee-Heilprin, Asst. Atty. Gen., Madison, Wis., for respondents-appellees.

Before FAIRCHILD, Chief Judge, SWYGERT, Circuit Judge, and JAMESON, Senior District Judge.[*]

SWYGERT, Circuit Judge.

This appeal presents the question whether precluding a criminal defendant from presenting any alibi evidence, under an unconstitutional, non-reciprocal notice of alibi statute, constituted harmless error.[1] On the facts of this case, we cannot say that this federal constitutional error was harmless beyond a reasonable doubt and, therefore, we reverse the district court's denial of habeas corpus relief.

The petitioner in this case, Walter Allison, Jr., was convicted of rape and sexual perversion in 1972. At Allison's jury trial, the Wisconsin trial court prevented Allison from explaining where he was at the time of the crime and from calling an available alibi witness. On appeal, the Wisconsin Supreme Court held that the non-reciprocal notice of alibi statute applied in Allison's case was unconstitutional under *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). The court affirmed Allison's conviction, however, on the ground that the error in excluding Allison's alibi evidence was harmless. *Allison v. State*, 62 Wis.2d 14, 214 N.W.2d 437, *cert. denied*, 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667 (1974).[2] Allison then applied to the district court for habeas corpus relief, contending that the exclusion of his alibi evidence vio-

lated his right to present a defense under the Sixth and Fourteenth Amendments. The district court adopted the analysis of the Wisconsin Supreme Court and held that the error in excluding the alibi evidence was harmless.

The harmless error test to be applied to violations of federal constitutional rights is well settled. To hold such error harmless, the court must find it "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The question is "whether there is a reasonable possibility" that the error affected the jury's verdict. *Id.* In answering this question, the court must assess the "probable impact of the [error] on the minds of an average jury." *Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284 (1969).

There are two fundamental difficulties with the analysis made by the Wisconsin court and adopted by the district court. First, both courts stated that "the existence of a notice of alibi statute without reciprocal discovery does not affect the totality of the fact finding process and does not render the accuracy of the verdict suspect." *Allison v. State, supra*, 62 Wis.2d at 29, 214 N.W.2d at 445. This statement improperly focuses the harmless error inquiry on the statute itself. It was the application of the unconstitutional statute to exclude alibi evidence which affected Allison's rights. As we have recently held, such exclusion of alibi evidence under an unconstitutional notice of alibi statute does undermine the fact finding process. *United States ex rel. Hairston v. Warden*, 597 F.2d 604, 609 (7th Cir. 1979).

---

[*] The Honorable William J. Jameson, Senior District Judge of the United States District Court for the District of Montana, is sitting by designation.

1. After oral argument had been set, postponed and reset, appellant Allison moved to submit the appeal on the briefs and record. This court granted Allison's motion on December 6, 1977. Subsequently, the court ordered supplemental briefing on the question whether the preclusion of alibi testimony by both the defendant himself and other alibi witnesses, as a sanction for failure to provide the required notice of alibi,

violated due process. *See Wardius v. Oregon*, 412 U.S. 470, 472 n.4, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973); *Williams v. Florida*, 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). The case was then set for argument once again. In view of our decision of the harmless error issue, we do not decide the validity of the notice of alibi sanction applied in this case.

2. The facts surrounding the crime and Allison's prosecution are stated in the opinion of the Wisconsin Supreme Court and need not be repeated here.

The second difficulty is that in applying the harmless error test to Allison's case, the Wisconsin court simply reviewed the prosecution evidence against Allison, and, while noting some weaknesses in the evidence, found it "overwhelming." The court made no attempt to assess the probable impact of the exclusion of Allison's alibi on the jury. Both *Chapman* and *Harrington* warn against "giving too much emphasis to 'overwhelming evidence' of guilt," where constitutional error affects substantial rights. *Harrington*, 395 U.S. at 254, 89 S.Ct. 1726, 1728, *Chapman*, 386 U.S. at 23, 87 S.Ct. 824.

Applying the proper harmless error test to the facts of this case, we are unable to conclude that the complete exclusion of any alibi evidence by Allison or on his behalf was harmless beyond a reasonable doubt. The primary obstacle to such a conclusion is that nowhere in the record before us, or in the Wisconsin court's opinion, is there any indication of what alibi evidence Allison wished to introduce. Nor is there any indication of who Allison's other alibi witness is or what her relationship to Allison was, if any. We cannot see how the probable impact of the exclusion of Allison's alibi could be assessed without knowing something about its nature.

At Allison's trial, the victim identified Allison as the perpetrator of the crime. However, the Wisconsin court pointed out a number of weaknesses in the identification. Aside from the identification, the evidence against Allison was entirely circumstantial. He was seen the day after the crime driving the car identified as the one in which the crime occurred. A knife identified as the one used in the crime and the victim's barrette were found in the car. Allison fled when pursued by a police officer.

Although certainly this evidence is sufficient to support a jury verdict of guilty, it does not, in our view constitute such overwhelming evidence that no conceivable alibi evidence could overcome it. As Allison points out in his brief, if his alibi witness had been the keeper of records at the Wisconsin State Prison who should have testified that Allison was released from prison the day after the crime occurred, the exclusion of such evidence could hardly be deemed harmless, despite the evidence against Allison. Since there is nothing in the record to show that Allison's alibi was not equally compelling, the state has not met its burden under *Chapman* of proving that the erroneous exclusion of the alibi was harmless beyond a reasonable doubt. *Cf. United States v. Smith*, 173 U.S.App. D.C. 314, 524 F.2d 1288 (1975) (where the defendant was permitted to testify to his alibi, the identification was by a police officer and was "solid," and the alibi went to only one of the three drug transactions charged; exclusion of alibi testimony by the defendant's relatives held harmless).

We agree with the Wisconsin Supreme Court that the non-reciprocal notice of alibi statute applied in Allison's case was unconstitutional and that the exclusion of Allison's alibi was, therefore, erroneous. *See, United States ex rel. Hairston v. Warden, supra.* Since on this record we do not agree with the Wisconsin court or the district court that the error was harmless beyond a reasonable doubt, the judgment of the district court denying habeas corpus relief is REVERSED. The district court is directed to enter judgment granting relief from Allison's 1972 conviction.