THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KELVIN OSBORNE, Defendant-Appellant.

Fourth District   No. 4—82—0660

Opinion filed May 4, 1983.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant was convicted by a jury in the circuit court of Adams County of two counts of forgery and one count of misdemeanor theft in violation of sections 17—3(a)(1) and 16—1(a)(1) of the Criminal Code of 1961. (Ill. Rev. Stat. 1981, ch. 38, pars. 17—3(a)(1), 16—1(a)(1).) He was sentenced to concurrent terms of imprisonment for four years on each forgery count and 364 days on the theft count.

On appeal the principal issue is the trial court's handling of defendant's alibi defense. As a derivative of that issue, some discussion is in order concerning obligations of the parties under the Supreme Court Rules governing discovery in criminal cases. 87 Ill. 2d Rules 411 through 415.

The factual situation may be briefly summarized. The State's evidence showed that defendant and three confederates obtained checks belonging to Dennis Goodwin. Between April 24, 1982, and April 26, 1982, defendant signed Goodwin's name to two of the checks and one of the confederates, Bowen, cashed them; the proceeds were then divided among defendant, Bowen, and a third confederate, Hickman. Bowen was the principal witness against defendant and testified that she had pleaded guilty to attempt (theft) and had received probation for her part in the offenses. Forgery counts against her were dismissed.

Informations were filed against defendant on April 28, 1982; he made a first appearance on April 29 and filed his motion for discovery; a preliminary hearing was held on May 20, probable cause was

found and the case was set for later arraignment. On June 2, 1982, defendant was arraigned and entered a plea of not guilty; the cause was then set for jury trial. On June 4, 1982, the State filed its motion for discovery.

On July 16, 1982, defendant filed his answer to the State's motion for discovery and in it raised an alibi defense. The pertinent parts of his discovery answer are:

> "2. Defendant did not commit the offenses as charged, and at the time of the alleged offenses, he was at Pierson Construction Company, Quincy, Illinois.
>
> * * *
>
> 6. Defendant attaches a copy of his time sheet for employment at Pierson Construction and a copy of his W-4 form is not in possession of defense counsel at this time, but will be provided when that document is received.
>
> 7. Defendant intends to use an alibi defense, namely that he was, at the time of the alleged offense, at the location of Pierson Construction Company near Quincy, Illinois."

On August 16, 1982, defendant filed a supplement to his answer in which he stated that he intended to call as a witness Diane Dade Buckner.

The trial began on August 19, 1982, and at the conclusion of the State's evidence and after a motion for directed verdict had been denied, the prosecutor in chambers moved to exclude Buckner as a witness. He stated that she had been interviewed at 1:30 p.m. that date and would state that she had transported defendant to the Quincy Soybean location to make a job application on April 26, the date of the alleged offense. The time of the motion in chambers was fixed at 2:43 p.m.

Defense counsel answered that it was common knowledge in the area that Pierson Construction Company was engaged in a construction project for Quincy Soybean, near Quincy, Illinois. The argument then progressed over the question as to whether a "location" had been disclosed by defendant. The prosecutor made only a mild objection over the timing of the disclosure of the name of Buckner. His chief, if not only, emphasis was on the matter of location, claiming that the information given was not specific as required by Supreme Court Rule 413(d)(iii) (87 Ill. 2d R. 413(d)(iii)).

The issue is carved in sharp relief by the trial court's ruling in which it said:

> "Gentlemen, if the Pierson Construction Company had a permanent location in Quincy, then I would think the disclosure

would be adequate; but as I understand the situation, it's a Missouri company, and they're based in Missouri somewhere, Columbia, perhaps. They have no permanent basis in Quincy that has been disclosed to me; and accordingly, I don't believe that the response to the State's motion for discovery complies with the rule, because they don't give a specific place. They name an employer, but that is all.

Accordingly, I'm going to sustain Mr. Cameron's [State's Attorney] motion to exclude the testimony of Miss Buckner as it relates to accompanying the defendant to the Quincy Soybean Company on the day of April the 26th of 1982.''

Defense counsel then moved for a continuance in order to obtain other witnesses to corroborate defendant's alibi; this motion was denied. He also moved for a continuance in order to present evidence that Pierson Construction Company's only jobsite near Quincy was at Quincy Soybean and that the construction project was well known throughout the community. This motion was likewise denied.

While the criminal discovery rules possess a much shorter history in this State than do the civil discovery rules, the underlying rationale is the same. They are intended as procedural tools whereby a prompt and just disposition of the case may be made by educating the parties in advance of trial as to the real value of claims and defenses. (*People ex rel. Terry v. Fisher* (1957), 12 Ill. 2d 231, 145 N.E.2d 588.) It seems to us that in the instant case the State declined to be educated as to the validity of the alibi defense, but rather elected to use semantics in its efforts to thwart that defense. Information regarding alibi had been furnished to the State more than 30 days prior to trial and the name of a corroborating witness had been furnished three days prior to trial. Yet the record is barren of any indication that the State attempted to investigate the alibi. On the other hand, the record is clear that it did not interview the witness until it had concluded its case in chief and then complained that it was not furnished with a "specific location."

The disclosure of an alibi defense by a defendant is almost precisely analogous to answering an interrogatory in a civil case. The remedy for an incomplete or evasive answer is well known: an objection to the answer and a motion to make it more definite and certain. If, upon investigation, the State's Attorney was unable to find any location for Pierson Construction Company near Quincy, he had ample time in which to demand that the defendant point out to him exactly where it was; or alternatively, he could have earlier obtained from the witness Buckner the name of Quincy Soybean. However, he did nei-

ther. The State's theory of "specific location," pressed to its logical extreme, would require a defendant to state his position in alibi by coordinates of latitude and longitude expressed in degrees, minutes and seconds.

▪ In our opinion this was not the purpose of the rule. The purpose was to avoid vague generalities, *e.g.*, "I was in Chicago," or "I was fishing on the lower Zambesi," which would be humanly impossible to investigate. In the instant case the information furnished delineated *prima facie* a specific location within the knowledge of the defendant and if the State's Attorney found it inadequate, it was his duty to seek clarification. Under Supreme Court Rule 415(b) (87 Ill. 2d R. 415(b)) there is a continuing duty to disclose on both parties. We believe there is a corollary duty on both parties to seek clarification of disclosure which they deem inadequate or evasive. In this context the instant case is unlike *People v. Braxton* (1980), 81 Ill. App. 3d 808, 401 N.E.2d 1062, and *People v. Short* (1978), 60 Ill. App. 3d 640, 377 N.E.2d 389, both cited by the State for its position. In each of those cases the defendant completely failed to notify the State of any asserted alibi prior to trial.

▪ It is elemental that sanctions for violation of discovery lie within the discretion of the trial court and its decision will not be lightly overturned. However, in this case we do find an abuse of discretion in barring the corroborating witness' testimony. Lesser sanctions were clearly indicated. It is a fundamental right of a defendant to present his theory of the case, no matter how overblown or specious it might appear. In the case at bar the defendant did testify as to his alibi, but he was barred from corroborating it. The situation is even more exacerbated by the prosecutor's final argument in which he commented on the lack of corroboration. Barring testimony as a sanction is an extremely harsh remedy, and its inappropriate use may constitute reversible error. (*People v. Rayford* (1976), 43 Ill. App. 3d 283, 356 N.E.2d 1274.) We find such an inappropriate use and consequential error here.

In view of our disposition of this issue, we need not consider other issues raised by defendant: improper use of a prior inconsistent statement which had not been disclosed to him, and cumulative error.

The judgment and sentence of the circuit court of Adams County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

TRAPP and MILLER, JJ., concur.