**UNITED STATES ex rel., Alan D. ROBINSON, Petitioner,**

v.

**Kenneth McGINNIS and Neil Hartigan, Respondents.**

No. 83–2433.

United States District Court,
C.D. Illinois,
Danville Division.

Aug. 20, 1984.

---

**176**

George Taseff, Bloomington, Ill., for petitioner.

Kenneth A. Fedinets, Asst. Atty. Gen., Chicago, Ill., for respondents.

## ORDER

BAKER, District Judge.

This matter is before the court on the petitioner's motion for summary judgment. The motion presents two issues: (1) Whether it is constitutionally permissible in a state criminal prosecution for the trial judge to refuse to permit material alibi witnesses to testify because the defense failed to give timely notice of its intended alibi defense, and (2) whether it is constitutionally permissible in a state criminal prosecution for the trial judge to refuse to allow the defendant to testify concerning his whereabouts on the date in question because the defense failed to give timely notice of its intended alibi defense.

## I. PROCEDURAL POSTURE

The petitioner, Alan D. Robinson, an inmate at the Logan Correctional Center, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in the Circuit Court, Ninth Judicial Circuit, Knox County, Illinois, the petitioner was convicted of delivery of more than thirty (30) grams of cocaine in violation of Ill.Rev.Stat. ch. 56½, § 1401(a)(2) (1979). Following his conviction, the plaintiff was sentenced to a term of imprisonment of twenty years.

The petitioner filed an appeal from the judgment of conviction to the Appellate Court of Illinois, Third District. On appeal, the petitioner raised eight separate grounds for reversal. The Appellate Court rejected each of the petitioner's claims and affirmed his conviction. *People v. Robinson,* 104 Ill.App.3d 20, 59 Ill.Dec. 756, 432

N.E.2d 340 (1982). Subsequently, the petitioner filed this petition for writ of habeas corpus, alleging that he was denied his constitutional right to testify, to present a defense, and to call witnesses on his own behalf. *See* Petition at p. 5.

## II. STATEMENT OF FACTS

The relevant facts are as follows: On November 6, 1979, Ronald Guerrero was arrested for selling one-half gram of cocaine. He offered to assist the police in setting up a drug buy with his dealer in return for leniency. On November 13, 1979, the petitioner allegedly delivered cocaine to Guerrero in his home in Galesburg, Illinois, and was filmed on video tape by a camera previously installed by the police with Guerrero's consent. The camera was placed upon a living room shelf pointing towards the kitchen. The film showed a man, allegedly the petitioner, primarily in profile, giving Guerrero a bag in exchange for money. During the transaction, the seller stated that he might be able to get some more cocaine for Guerrero. On December 5, 1979, pursuant to a court order, the police installed a wire tap on a hotel telephone in Galesburg from which Guerrero called the petitioner three times to try to arrange a purchase of cocaine. The transaction, however, was never completed.

The petitioner was charged with delivery of cocaine on January 8, 1980, but he was not arrested until June of 1980. Subsequently, the petitioner was ordered to file an answer to the State's pre-trial discovery request by August 5, 1980. The petitioner filed no response until 4:00 p.m. on Friday, October 3, at which time he submitted a discovery answer indicating that he would present an alibi defense consisting of evidence that he was in Peoria at the time of the offense and that he would call John Stringer as an alibi witness. The petitioner's trial was scheduled for October 6, 1980, three days after the plaintiff submitted his discovery answer. Immediately prior to trial, defense counsel explained

that he had first learned Stringer's name on October 2. He also added that the petitioner had been in a different town, Creve Coeur, the night of the offense, and not in Peoria as previously stated. Defense counsel stated that Stringer was in the courthouse and available to the State for an interview. The trial court, however, granted the State's motion in limine and excluded the alibi defense on the grounds that it was not timely filed and that the State would not have an adequate opportunity to investigate the asserted alibi.

The trial began on Monday, October 6, but was recessed for one week when the petitioner was injured in an automobile accident on October 7, 1980. Late on Friday, October 10, defense counsel filed a motion to reinstate the alibi defense and listed a second witness. The court denied the motion as untimely, and the trial was reconvened on Tuesday, October 14.

## III. DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether summary judgment is proper, a court ordinarily must view the record in the light most favorable to the party opposing the motion, drawing all inferences most favorable to that party. *Rose v. Bridgeport Brass Co.*, 487 F.2d 804, 808 (7th Cir.1973).

## A. EXCLUSION OF DEFENDANT–PETITIONER'S WITNESSES

Illinois Supreme Court Rule 415(g) grants trial courts the authority to exclude evidence if it is brought to the attention of the trial court that a party has failed to comply with an applicable discovery rule. Ill.Rev.Stat. ch. 110A, § 415(g)(i) (1979).[1]

---

1. The Illinois notice-of-alibi statute, Ill.Rev.Stat.    ch. 110A, § 413(d) provides that:

The Illinois Supreme Court held in *People ex rel. Carey v. Strayhorn*, 61 Ill.2d 85, 329 N.E.2d 194 (1975), that the Supreme Court Rules for discovery in criminal cases, including Rule 415, apply to the defense of alibi.

It is well-settled that the right of an accused in a criminal trial to present witnesses in his defense is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution and made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In the present case, the State trial court precluded the defense from calling alibi witnesses as a discovery sanction. The Illinois Appellate Court affirmed the trial court and stated:

> Whether alibi evidence should be excluded in a particular case is, of course, a matter for the discretion of the trial judge who must weigh all applicable factors in order to reach a just result. Some cases have stated that it was error, in the circumstances there present, to exclude alibi witnesses if the witnesses were disclosed in time for the prosecution to interview them before they testified. However, there are other cases which have held that exclusion of alibi witnesses was an appropriate sanction, justified by the facts and circumstances of those cases. (Citations omitted.)

*People v. Robinson*, 104 Ill.App.3d at 23, 59 Ill.Dec. 756, 432 N.E.2d 340.

In *People v. Williams*, 55 Ill.App.3d 752, 13 Ill.Dec. 234, 370 N.E.2d 1261 (1977), the Illinois Appellate Court reversed the conviction of a defendant for rape and burglary, where all defense witnesses were excluded from testifying because the defense

Within a reasonable time after the filing of a written motion by the State, defense counsel shall inform the State of any defenses which he intends to make at ... trial and shall furnish the state with the following material and information within his possession or control:

had failed to comply with the discovery procedures in Ill.Rev.Stat. ch. 110A, § 415(g) (1971). In *Williams*, defense counsel became involved as counsel for the defendant one week before the trial with the understanding that the case was to be dismissed by the State due to the difficulty the State had in locating the complaining witness. As a result, the defense counsel claimed that he did not know who his witnesses would be. Moreover, the State had included one of the defendant's alibi witnesses on its list of witnesses even though the State did not call that witness to testify. The defense counsel tendered no list of alibi witnesses to the state prior to trial; however, counsel offered to let the State interview all defense witnesses before they testified. *Williams*, 55 Ill.App.3d at 757, 13 Ill.Dec. 234, 370 N.E.2d 1261.

In reversing the conviction, the Appellate Court held:

> *Even without the presence of these factors,* we would still hold that the imposition of the particular sanction in the case at bar was an improper exercise of the trial judge's discretion. The exclusion of all the defense witnesses effectively deprived defendant of an opportunity to present a defense. Such a result offends our system's fundamental tenets of due process. We doubt that the Committee, in drafting our Supreme Court rules, intended this particular sanction to be applied where it would result in the complete elimination of an accused's right to present a defense. Rather, the trial judge could have applied a sanction that was not as harsh and would still have promoted the enforcement of our discovery process. (Emphasis supplied.)

55 Ill.App.3d at 757–58, 13 Ill.Dec. 234, 370 N.E.2d 1261.

(i) The names and last known addresses of persons he intends to call as witnesses ...; and

....

(iii) And if the defendant intends to prove an alibi, specific information as to the place where he maintains he was at the time of the alleged offense.

Likewise, in *People v. Osborne*, 114 Ill. App.3d 433, 71 Ill.Dec. 513, 451 N.E.2d 1 (1983), the Illinois Appellate Court held that the sanction of excluding the testimony of alibi witnesses was extreme and constituted error. In *Osborne*, the defendant was convicted of two counts of forgery and one count of misdemeanor theft. The State's evidence showed that the defendant and three confederates obtained checks belonging to a Dennis Goodwin. Between April 24, 1982, and April 26, 1982, the defendant signed Goodwin's name to two of the checks and one of his confederates cashed the checks. The proceeds were then divided among the defendant and two of his partners. One partner, Bowen, was the principal witness against the defendant and testified that she had pleaded guilty to attempt theft and had received probation for her part in the offenses. Forgery counts against her were dismissed. 114 Ill.App.3d at 434, 71 Ill.Dec. 513, 451 N.E.2d 1.

Subsequently, informations were filed against Osborne. He was later arraigned, and the cause was set for jury trial. On June 4, 1982, the State filed its motion for discovery. On July 16, 1982, the defendant filed his answer to the State's motion for discovery and in it raised an alibi defense: "2. Defendant did not commit the offenses as charged, and at the time of the alleged offenses, he was at Pierson Construction Company, Quincy, Illinois." 114 Ill.App.3d at 435, 71 Ill.Dec. 513, 451 N.E.2d 1. The defendant also stated:

> 6. Defendant attaches a copy of his time sheet for employment at Pierson Construction and a copy of his W–4 form is not in possession of defense counsel at this time, but will be provided when that document is received.

> 7. Defendant intends to use an alibi defense, namely that he was, at the time of the alleged offense, at the location of Pierson Construction Company near Quincy, Illinois.

114 Ill.App.3d 435, 71 Ill.Dec. 513, 451 N.E.2d 1.

The defendant's trial began on August 19, 1982. However, it was not until August 16—three days prior to trial—that the defendant filed a supplement to his discovery answer in which he stated that he intended to call as a witness Diane Dade Buckner. At the conclusion of the State's evidence, the prosecutor successfully moved to exclude Buckner as a witness. In ruling to exclude Buckner, the trial judge stated:

> . . . I don't believe that the response to the State's motion for discovery complies with the rule, because they don't give a specific place. They name an employer, but that is all.

> Accordingly, I'm going to sustain Mr. Cameron's [State's Attorney] motion to exclude the testimony of Miss Buckner as it relates to accompanying the defendant to the Quincy Soybean Company on the day of April the 26th of 1982.

114 Ill.App.3d at 436, 71 Ill.Dec. 513, 451 N.E.2d 1.

The Illinois Appellate Court stated that the disclosure of an alibi defense by a defendant "is almost precisely analogous to answering an interrogatory in a civil case. The remedy for an incomplete or evasive answer is well known: an objection to the answer and a motion to make it more definite and certain." 114 Ill.App.3d at 436, 71 Ill.Dec. 513, 451 N.E.2d 1. Arguing that the purpose of the notice of alibi statute was to avoid vague generalities which would be humanly impossible to investigate, the court continued:

> In the instant case the information furnished delineated *prima facie* a specific location within the knowledge of the defendant and if the State's Attorney found it inadequate, it was his duty to seek clarification. Under Supreme Court Rule 415(b) (87 Ill.2d R. 415(b)) there is a continuing duty to disclose on both parties. We believe there is a corollary duty on both parties to seek clarification of disclosure which they deem inadequate or evasive. In this context the instant case is unlike *People v. Braxton* (1980), 81 Ill.App.3d 808, [36 Ill.Dec. 924] 401

N.E.2d 1062, and *People v. Short*, (1978), 60 Ill.App.3d 640, [18 Ill.Dec. 236] 377 N.E.2d 389, both cited by the State for its position. In each of those cases the defendant completely failed to notify the State of any asserted alibi prior to trial.

... It is a fundamental right of a defendant to present his theory of the case, no matter how over blown or specious it might appear.

114 Ill.App.3d at 437, 71 Ill.Dec. 513, 451 N.E.2d 1.

Federal courts have also held that discovery rules similar to the Illinois notice-of-alibi statute cannot be enforced against a noncomplying defendant by precluding testimony. In *Fendler v. Goldsmith*, 728 F.2d 1181 (9th Cir.1983),[2] the trial court refused to permit the petitioner to call certain defense witnesses because he had not listed their addresses on his pre-trial list. Listing defense witnesses was required by State discovery rules. The court noted that it was unclear whether the Sixth Amendment strictly prohibited witness preclusion as a discovery sanction or rather required an examination of all the attendant circumstances. 728 F.2d at 1185–87. Applying a balancing test, the court held that the trial court had committed constitutional error.[3] One of the defendant's witnesses was a key witness on a crucial issue in the case. The court further found that the prosecution would not have been prejudiced by the witness' testimony since the prosecution already had the witness' name and lacked only his address. 728 F.2d at 1189. But assuming *arguendo* that the defendant's noncompliance was willful, the court stated that the preclusion of witnesses was "too high a price to pay to exact for failure to comply with discovery orders issued pursuant to general discovery rules." 728 F.2d at 1190.

**2.** *See also United States v. Davis,* 639 F.2d 239 (5th Cir.1981); *Hackett v. Mulcahy,* 493 F.Supp. 1329 (D.N.J.1980).

**3.** The *Fendler* balancing test begins with a presumption against the exclusion of witnesses and then considers the following factors: (1) was

Finally, in *United States ex rel. Enoch v. Lane,* 581 F.Supp. 423 (N.D.Ill.1984), a district court held that an Illinois state court denied a defendant convicted of rape and aggravated kidnapping due process and a fair trial by precluding the testimony of a material defense witness whose name had not been included on the pre-trial discovery list. The witness' identity was first learned by defense counsel after the State had rested. The excluded witness, Patricia Griffin, would have testified about an altercation she had observed between the victim of the alleged rape and a man other than the defendant-petitioner which took place on the morning of the alleged rape. In holding that the exclusion of Griffin's testimony was unconstitutional, Judge Marshall reasoned:

... [A]s we have noted, there is no evidence that petitioner willfully withheld Griffin's name from the court or the prosecution. There was no suggestion of prejudice by the prosecution, and nothing indicating that any great delay would have been occasioned had Griffin been permitted to testify ... though the prosecution was surprised by the mention of Griffin, surprise in itself means nothing; surprise becomes meaningful only where it causes prejudice. There was no showing of prejudice here. Thus, even applying a balancing test, the trial court based its ruling on the showing by the state that was inadequate to overcome the presumption against exclusion of otherwise probative and admissible defense evidence. *See Washington v. Texas,* 388 U.S. [14] at 19, 87 S.Ct. [1920] at 1923 [18 L.Ed.2d 1019]; *Fendler,* 728 F.2d at 1188. We hold that the state court committed constitutional error in precluding Griffin's testimony. (Citations omitted.)

*Enoch,* 581 F.Supp. at 432.

In the case at bar, it is the petitioner's position that on October 3, 1980, defense

the defendant's failure to comply with the discovery order "willful"; (2) how important was the witness; and (3) was the possible prejudice (to the prosecution) substantial enough to overcome the defendant's Sixth Amendment right to present a defense? 728 F.2d at 1188–90.

counsel filed his answer to the State's motion for discovery, indicating that petitioner's defense would be "that he could not be proven guilty of the alleged offense beyond a reasonable doubt in that Petitioner was in Peoria, Illinois, at the time of the offense (C. 136)." Petitioner's Memorandum in Support of Summary Judgment Motion, p. 6. The petitioner's discovery answer named three prospective witnesses, including John Stringer.

The trial began on October 6, 1980, and prior to jury selection, defense counsel discussed the alibi defense which he intended to present. (Record 12–13.) At that time, defense counsel stated that he had just learned of John Stringer's name on October 2, 1980, and that Stringer was in the courthouse available to the State for an interview. (R. 12.) Counsel also corrected the location of the alibi to show that the petitioner was in Creve Coeur, Illinois, rather than Peoria, Illinois. (R. 12–13.) Counsel represented that the petitioner, himself, would testify as to the alibi defense. (R. 14.) Finally, defense counsel disclosed Stringer's prior conviction in accordance with Illinois Supreme Court Rules.

Defense counsel also stated that Jim Henderson of Canton, Illinois, of whom counsel had just learned that morning, would also testify as to the petitioner's whereabouts on the date in question. (R. 13.) Counsel explained that the petitioner had been seeking these witnesses since August, 1980, but had just recently located them. (R. 17–18.) Despite defense counsel's representations to the court, the State moved to exclude the presentation of alibi testimony on the grounds of untimeliness and the trial court granted the motion. (R. 21.)

The petitioner argues that there is nothing in the record of the proceedings to indicate that the petitioner's failure to give timely notice of his intended alibi defense was "willful and deliberate". The petitioner argues that no such finding was ever made by the trial court in considering whether to permit or to exclude the alibi defense. "In fact, the only finding made

was that the notice was 'late' and the defense was excluded. (R. 20–21)." Petitioner's Memorandum, at p. 7. After reviewing the transcript of the petitioner's trial and the supporting documents filed by the parties in this lawsuit, the court concludes that the petitioner's argument is meritorious.

There was no suggestion of prejudice by the prosecution or any indication that great delay would have been occasioned had the petitioner's witnesses been allowed to testify. Cf. Enoch, 581 F.Supp. at 432. Moreover, as the petitioner points out, there is nothing in the record of the proceedings to indicate that his failure to give timely notice of his intended alibi defense was "willful and deliberate". In fact, defense counsel represented to the trial court that he had learned the name of one witness on the day before the defense submitted a discovery answer indicating that there would be an alibi defense. Defense counsel learned the identity of a second witness on the morning of the petitioner's trial.

The court concludes that exclusion of the petitioner's witnesses was too severe a punishment for failure to comply with the Illinois notice-of-alibi statute in light of the court's limited inquiry into the petitioner's failure to raise an alibi defense in a timely fashion. Cf. Fendler, 728 F.2d at 1190.

The respondents argue that the court should follow a line of cases which upholds the severe sanction of precluding witnesses from testifying because a party has failed to comply with a discovery rule. The court finds the respondents' argument unpersuasive.

The respondents rely principally on the case of United States v. Nobles, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), and People v. Braxton, 81 Ill.App.3d 808, 36 Ill.Dec. 924, 401 N.E.2d 1062 (1980). In Nobles, the question presented was whether a federal trial court may compel the defense to reveal the relevant portions of an investigator's report for the prosecution's use in cross-examining him. The Nobles court did not pass on the question raised in the case sub judice. Consequent-

ly, the respondents' reliance on *Nobles* is helpful only inasmuch as it supports the general proposition that failure to comply with discovery requirements *may* serve as a bar to the presentation of evidence in a criminal action. *Cf. Nobles*, 422 U.S. at 229–30, 95 S.Ct. at 2165–66.

Regarding *People v. Braxton*, the case at bar is distinguishable on its facts. In *Braxton*, defense counsel sought to amend his discovery answer to assert an alibi defense on the day of trial. Defense counsel sought to include the wife of the defendant as a witness. The trial court refused to allow the defendant to amend his discovery answer to add the alibi defense. The Illinois Appellate Court, in affirming the trial court, commented:

Here, the defendant waited until the 117th day of his term to notify the State of his alibi defense. The sudden discovery of the alibi and production of his wife as an alibi witness at this late date suggests recent fabrication, particularly in light of the fact that the defendant and his wife were married two days prior to trial. Furthermore, no evidence was produced showing that the defendant was unaware of his alibi defense and the existence of the alibi witness prior to this date. Therefore, the trial judge did not abuse his discretion in denying the motion to amend the answer to discovery.

81 Ill.App.3d at 815, 36 Ill.Dec. 924, 401 N.E.2d 1062.

In the instant case, defense counsel did not seek to raise an alibi defense on the date of trial; he had indicated that he would present an alibi defense on Friday, October 3, when he submitted his discovery answer. In *Braxton*, however, defense counsel made no mention of an alibi defense until the morning of trial. The *Braxton* court denied the motion to amend the discovery answer because it feared that the alibi defense had been recently fabricated. 81 Ill.App.3d at 815, 36 Ill.Dec. 924, 401 N.E.2d 1062.

The respondents' assertions and arguments notwithstanding, the court is of the opinion that the state trial court's limited findings do not support the conclusion that the petitioner's failure to give timely notice of his intended alibi defense was "willful and deliberate". This court concludes that the trial court committed constitutional error on October 6, 1980, when the petitioner first sought to present his alibi defense and on October 10, 1980, when defense counsel filed a motion to reinstate the alibi defense. The committee which drafted the Illinois Supreme Court Rules did not intend that the petitioner be denied the opportunity to present witnesses in his defense because the identity of those witnesses was not known until the week preceding his trial. Such an application of Illinois Supreme Court Rule 415(g) violates the Sixth Amendment to the United States Constitution.

## B. EXCLUSION OF DEFENDANT'S TESTIMONY

■ In its rulings of October 6, 1980, and October 14, 1980, the trial court in *People v. Robinson*, not only refused to permit material alibi witnesses to testify on behalf of the defendant but also precluded testimony by the defendant regarding his alibi defense. The court finds that this ruling by the trial court also violated the plaintiff's Sixth Amendment right to testify and to present a defense.

In *Alicea v. Gagnon*, 675 F.2d 913 (7th Cir.1982), the Seventh Circuit held that it was unconstitutional to prevent a defendant from testifying on his own behalf as a sanction for noncompliance with a state notice-of-alibi rule. In *Alicea*, the defendant failed to notify the prosecution that he intended to raise an alibi defense. At trial, the defendant sought to testify in his defense that he was at home at the time the alleged robbery occurred. The prosecution objected to the admission of this alibi testimony because the trial court had granted the prosecution's motion *in limine* to exclude alibi testimony. The trial court sustained the prosecution's objection and ruled that the petitioner could not testify in his own defense about his alibi because he had failed to give timely notice to the state as

required by Wisconsin's notice-of-alibi statute. At trial, however, Alicea did manage to testify that he was at home at the time the crime was committed. He also denied committing the robbery. The jury was not instructed as to his alibi defense, however, and the defendant was convicted.

In ruling that the defendant was entitled to testify in his own behalf, the Court of Appeals applied a balancing test, weighing the competing interests underlying Wisconsin's alibi-notice rule and the constitutional policies favoring the petitioner's right to testify. 675 F.2d at 923. The court stated:

> To be sure, Wisconsin has a legitimate interest in preventing the truly guilty from escaping justice by means of fabricated alibis. But we cannot see how that interest is promoted by precluding a defendant's testimony for failure to give notice. The principal reason for notice rules, as we noted at the outset of this opinion, is prevention of surprise to the state, not punishment of the accused for mere technical errors or omissions. In this situation it is difficult to see how the government can claim surprise....
>
> In addition, we do not consider Wisconsin's interest in facilitating the orderly administration of justice sufficiently important to override the accused's right to tell his version of the story. If a defendant takes the stand and denies his presence during the crime, the state can readily rebut his denial on cross-examination by asking the defendants to address the state's evidence....

675 F.2d at 923–24.

In this action, the state cannot claim that it was surprised by the alibi defense. Defense counsel did notify the court and the prosecutor of the intended alibi defense in the discovery answer. Even though defense counsel filed the discovery answer in the week preceding petitioner's trial, it is not unreasonable to expect that the government could have anticipated that the petitioner might testify, particularly since the trial court excluded all of the defense's material witnesses. Additionally, this court does not consider Illinois' interest in

facilitating the orderly administration of justice sufficiently important to override the petitioner's fundamental right to tell his own version of the occurrence in question. *Cf. Alicea,* 675 F.2d at 924. The court concludes that the trial court violated the petitioner's Sixth Amendment right to testify when the court refused to permit the petitioner to take the stand and testify concerning his whereabouts at the time of the alleged drug transaction.

## C. HARMLESS ERROR

In light of the court's holding that the preclusion sanctions as applied to the petitioner violated his constitutional right to testify and to call defense witnesses on his behalf, the court must address the state's argument that the constitutional error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, *reh. denied,* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). The test is:

> "Whether there is a reasonable possibility" that the error affected the jury's verdict. In answering this question, the court must assess the "probable impact of the [error] on the minds of an average jury." *Allison v. Gray,* 603 F.2d 633, 634 (7th Cir.1979) (quoting *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828, and *Harrington v. California,* 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284 (1969)).

*Enoch,* 581 F.Supp. at 432.

■ After reviewing the evidence presented at trial and the representations of counsel, this court cannot conclude beyond a reasonable doubt that the state trial court's error was harmless. *Cf. Chapman,* 386 U.S. at 24, 87 S.Ct. at 828. Here, the petitioner was charged with the delivery of more than thirty grams of cocaine on January 8, 1980, but he was not arrested until June, 1980. Additionally, the respondents claim that the state video taped a drug buy which shows the petitioner delivering cocaine to a state informant. However, the petitioner's counsel represented to this court, without contradiction,

184

that the jury deliberated for more than eight hours even though it saw the video tape. This court has reviewed the video tape and finds that, standing alone, the tape is not conclusive that Alan D. Robinson is the person shown in the tape. In fact, without corroborating testimony from other witnesses it would be impossible to conclude that the person seen in the video tape was the petitioner, Alan D. Robinson. Consequently, the court must conclude that there was a reasonable possibility that the trial court's constitutional error affected the jury's verdict. *Cf. Allison v. Gray,* 603 F.2d 633, 634 (7th Cir.1979).

### IV. CONCLUSION

In summary, the court finds that the state trial court committed constitutional error in denying the petitioner's request to present his alibi defense, to call witnesses on his behalf, and to testify in his own defense. The court further finds that the trial court committed error of such significance that habeas corpus should be granted. Consequently, the petitioner's motion for summary judgment is allowed. *See* Fed.R.Civ.P. 56(c). *See also* 28 U.S.C. § 2241(a).

IT IS THEREFORE ORDERED that the petitioner's motion for summary judgment be, and hereby is, allowed.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus be, and hereby is, allowed.

IT IS FURTHER ORDERED that the petitioner, Alan D. Robinson, be discharged from custody, unless, within one hundred twenty (120) days after the entry of this order, the petitioner is retried for the offenses for which he is currently incarcerated.